UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:18-CR-00087-10-JRG-CRW |
| ) | |
| MEGAN ROSE MOORE ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Emergency Motion for Modification of Sentence Based on the COVID-19 Pandemic [Doc. 600] and the United States' Response in Opposition [Doc. 603]. Acting pro se, Defendant moves the Court under 18 U.S.C. § 3582(c) to order her early release from prison because of the COVID-19 pandemic, citing an underlying health condition, hypertension. [Def.'s Mot. at 2].[1] She also claims that she has developed "a nasal drip, as well as heaviness in her chest" and that "over the counter medications from commissary . . . are not working for her." [*Id.*]. She does not assert, however, that she has tested positive for COVID-19 or that anyone in her facility has contracted the virus. *See* [*id.* (stating that she "fears death when COVID-19 comes to Alderson FPC" and "[*w*]hen COVID-19 comes to Alderson FPC it will run rampid [sic]")].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can

---

[1] Defendant's Presentence Investigation Report [Doc. 324] confirms that she suffers from hypertension, a condition for which she takes medication. [*Id.* at 19].

consider motions for compassionate release once a defendant exhausts her administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Defendant, however, does not claim or provide the Court with documentation showing that she exhausted her administrative remedies or that she submitted a request to the warden.

While the Court sympathizes with Defendant's concerns, it is without jurisdiction to consider her request for compassionate release without a showing that she has exhausted her administrative remedies under § 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." (citation omitted)); *United States v. Dougherty*, No. 2:18-cr-229-2, 2020 WL 1909964, at *2 (S.D. Ohio Apr. 20, 2020) ("[M]any courts have held that the exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. This court agrees with the reasoning of these courts." (citations omitted)); *United States v. McCann*, Criminal No. 5:13-52, 2020 WL 1901089, at *2 (E.D. Ky. Apr. 17, 2020) ("[T]hese are unsettling times for everyone, including prisoners. But in such a context, the exhaustion requirement of the compassionate release statute is perhaps most important." (citation omitted)); *United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *2–3 (N.D. Ohio Apr. 17, 2020) (concluding that § 3582(c)(1)(A)'s thirty-day requirement is not waivable "due to the exigent circumstances presented by COVID-19" and

2

noting that it "serves the important purpose of allowing the BOP—an agency that is in a better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify 'extraordinary and compelling reasons' for release—the opportunity to address such requests in the first instance"); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) ("In the past few days, many other courts around the country have also concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic." (citations omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

In sum, the Court, again, sympathizes with Defendant's concerns, but it is unable to consider her motion until she exhausts her administrative remedies under § 3582(c)(1)(A). Defendant's motion [Doc. 600] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
