UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00087-10-JRG-CRW |
| | ) | |
| MEGAN ROSE MOORE | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Megan Rose Moore's Renewed Motion for Compassionate Release [Doc. 622], the United States' Response in Opposition [Doc. 625], and Ms. Moore's Reply [Doc. 626]. Acting pro se, Ms. Moore, who is forty-one years of age, moves the Court under 18 U.S.C. § 3582(c)(1)(A) to order her early release from prison because of the COVID-19 pandemic, citing underlying medical conditions. Specifically, Ms. Moore states "she has been diagnosed with liver disease, hypertension, uterine fibroids, breast nodule, uterine bleeding, as well as anemia and high cholesterol." [Def.'s Mot. at 1–2]. She maintains that "[if] [she] becomes infected with COVID-19, it would potentially turn into a death sentence." [*Id.* at 2]. The United States opposes Ms. Moore's request for compassionate release, contending that her conditions do not match those among the Center for Disease Control's guidelines; that FPC Alderson, the facility where she is serving her sentence, has no known cases of COVID-19; and that her release would be inconsistent with 18 U.S.C. § 3553(a)'s factors. [United States' Resp. at 9–11].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c) begins with the declaration that "[t]he court may not modify

a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that "[t]he Court has authority to consider [Ms. Moore's] motion for compassionate release . . . because 30 days have passed since Moore submitted a request for compassionate release to the warden of her facility on May 13, 2020." [United States' Resp. at 1].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1)

2

is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Ms. Moore does not contend that her underlying conditions—in and of themselves—are terminal. Rather, she argues that if she were to contract COVID-19, it would be "life threatening" in combination with her underlying conditions. [Def.'s Mot. at 2]. The Court therefore construes her request for compassionate release as falling within the second scenario.

In considering whether Ms. Moore's underlying conditions, against the backdrop of the COVID-19 pandemic, "substantially diminish[] [her] ability" to "provide self-care within" the prison's walls and leave her without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020), *vacated on other grounds*, ___ F. App'x ___, 2020 WL 3867393 (6th Cir. 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC's guidelines, "[p]eople of any age with the following conditions *are at increased risk* of severe illness from COVID-19":

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies

3

- Sickle cell disease
- Type 2 diabetes mellitus

*People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 14, 2020).

Ms. Moore's underlying conditions match none of those that the CDC identifies as likely to place an individual at a heightened risk of severe illness from COVID-19. The Court sympathizes with Ms. Moore's concerns, but it is unwilling to order the release of prisoners whose underlying conditions, based on the CDC's guidelines, do not place them at a heightened risk of severe illness from COVID-19; otherwise, the Court, to be evenhanded, would face the untenable situation of having to release all prisoners with any underlying condition. *See United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." (footnote omitted))*; see also United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (recognizing that "compassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)).

But even if the Court were to view Ms. Moore's underlying conditions as likely to put her at a heightened risk of severe illness from COVID-19, she still would not be entitled to compassionate release because she provides the Court with no indication that she is in danger of contracting the virus. COVID-19 has not affected FPC Alderson to the same degree as other federal facilities throughout the country. The Federal Bureau of Prisons ("BOP"), in fact, reports zero active cases among the prison population and the staff at FPC Alderson. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated August 26, 2020). Under

4

these circumstances, Ms. Moore is not entitled to compassionate release. *Cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here . . . there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility.");[1] *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Elebesunu*, No. GJH-13-008, 2020 WL 3791978, at *2 (D. Md. July 7, 2020) ("Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to [the defendant] is diminished and weighs against granting compassionate release." (citation omitted)); *United States v. Arafat*, No. 12-cr-45, 2020 WL 3790727, at *6 (D. Minn. July 7, 2020) ("[E]ven assuming [the defendant's] underlying medical conditions exist, [he] has failed to demonstrate a particularized risk of contracting the disease. To date, FCI-Sandstone has only one reported case of COVID-19." (citation omitted)); *United States v. Johnson*, No. 2:19-CR00-81-TOR, 2020 WL 2114357, at *2 (E.D. Wash. May 4, 2020) ("[W]here is Defendant safer from the threat—in a facility with no known cases, or in public with thousands of confirmed cases? Fear of the virus does not warrant immediate release."); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *United States v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence due solely to concerns about the spread of

---

[1] Although Ms. Moore argues that "the quality of medical care in Alderson" is not "to the standard to meet W. Va. Code 55-7-B-1," [Def.'s Reply at 3], she has taken care to point out to the Court that "her motion is of compassionate release" under § 3582(c)(1)(A) and "not of [civil] liability," [Def.'s Mot. at 5].

5

COVID- 19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Besides, the Court can modify a sentence only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," and Ms. Moore fails to establish that § 3553(a)'s factors warrant her release. § 3582(c)(1)(A); *see United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) ("The First Step Act does not prohibit courts from considering the factors outlined in § 3553(a)[.]"). These factors include the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; the "need for the sentence imposed" to "reflect the seriousness of the offense," to "promote respect for the law," and "to provide just punishment for the offense"; the "sentencing range established" for the defendant's offense; and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(1)–(2), (4), (6). Ms. Moore's criminal offense—a conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, [J., Doc. 391, at 2]—is unquestionably serious in nature, *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave").

To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, "courts have generally granted compassionate release only to defendants who have served a significant portion of their sentences." *United States v. Kincaid*, No. 3:10-CR-00160-1-TAV-HBG, at 13 (E.D. Tenn. Oct. 29, 2019) (citations omitted) (PACER), *aff'd*, 802 F. App'x 187 (6th Cir. 2020). Ms. Moore has served only about nineteen months, less than one fifth of her 108-month sentence. *See* [J. at 2]. Under § 3553(a)(2)(A), the fact that she has served only a fraction of her sentence does not work in favor of her release. *See Kincaid*, 802

6

F. App'x at 188 (recognizing that "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate," and based partly on these specific factors, affirming this Court's denial of the defendant's motion for compassionate release); *United States v. Garmany*, No. 3:18-CR-89-PLR-DCP-2, 2020 WL 4923956, at *3 (E.D. Tenn. Aug. 21, 2020) ("Defendant has served approximately 16 months of her 60 months sentence. Granting compassionate release to a defendant who has served such a small portion of her sentence would fail to reflect the seriousness of her offense, promote respect for the law, and provide just punishment for the offense." (citing § 3553(a)(2)(A))). If the Court were to grant Ms. Moore's request for compassionate release even though she has completed only nineteen months of her 108-month sentence, it would risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6); *see* 21 U.S.C. § 841(b)(1)(B) (stating that defendants "shall" serve a congressionally mandated sentence "which may not be less than 5 years").

In sum, the Court, again, sympathizes with Ms. Moores' concerns, but she is not entitled to compassionate release under § 3582(c)(1)(A). Her Renewed Motion for Compassionate Release [Doc. 622] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
